IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                            No. 1:18-cr-00451-WJ

RYAN THOMPSON,

      Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

THIS MATTER is before the Court on Defendant's Motin for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") **[Doc. 54]**.  The Court determines that Defendant is not eligible for a reduction of sentence and the Court dismisses the Motion for lack of jurisdiction.

### BACKGROUND

Defendant Ryan Thompson was charged by Complaint with six counts of kidnapping, aggravated sexual abuse and assault in Indian Country in violation of 18 U.S.C. § 1153.  **[Doc. 1]**. He entered into a Plea Agreement, agreeing to plead guilty to one count of kidnapping and one count of aggravated sexual abuse.  **[Doc. 43]**.  Defendant's criminal history category was IV and his offense level was 42, resulting in a Guidelines sentencing range of 360 months to life imprisonment.  The Court, however, sentenced him to a below-Guidelines sentence of 240 months imprisonment.  **[Doc. 53]**.

Defendant's Motion seeks a sentence reduction under Amendment 821 to the Sentencing Guidelines on the grounds that he was improperly assessed two criminal history category points. **[Doc. 54 at 2-3]**.  The Federal Public Defender conducted a review of the Motion under

1

Administrative Order 23-mc-00004-22 and declined to file a motion on Defendant's behalf. **[Doc. 56]**. The United States filed a Response in opposition stating that, because Defendant received a below-Guidelines sentence, he is ineligible for a sentence reduction under Amendment 841. **[Doc. 59]**.

## ANALYSIS

### I. Law Governing Sentence Reductions

Absent specific statutory authorization, this Court cannot modify a sentence after the judgment of conviction is entered. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018); *United States v. Brown*, 974 F.3d 1137, 1143 (10th Cir. 2020); *see also* 18 U.S.C. § 3582(b). "Retroactive Guideline amendments" are a valid statutory reason to modify a sentence. *United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022); *see also* 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), a court must determine "if a guideline on which the defendant's original sentence was based has been amended so that the defendant's sentencing guideline range would now be lower." *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021).

Amendment 821 provides sentencing relief based on new criminal history calculations. In Part A, the Commission altered the "status points" provision. Under prior versions of USSG § 4A1.1(d) (2010 ed.), two points were added if a defendant committed the instant offense while under a criminal justice sentence. Now, just one point is added—but only if the defendant receives seven or more criminal history points. *See* USSG §§ 4A1.1(e) (2023 ed.). Part B provides a two-level reduction for defendants with zero criminal history points *if* the ten prerequisites are satisfied. *See* USSG § 4C1.1(a)(1)–(10). Importantly, these changes were retroactive (meaning they provide courts with a valid statutory reason to modify a sentence). *See* U.S. SENT'G GUIDELINES MANUAL

AMEND. 821 (U.S. Sent'g Comm'n 2023); 88 Fed. Reg. 28254 (May 3, 2023); 28 U.S.C. § 994(o); 18 U.S.C. § 3582(c)(2).

Despite the Amendment's retroactivity, a criminal defendant must still be eligible for relief. If a defendant is ineligible, then this Court (and any court) lacks the ability to modify the sentence. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021); *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Womack*, 883 F.3d 1237, 1242 (10th Cir. 2016).

## II. Thompson is Ineligible for a Sentence Reduction

When considering a retroactive Guidelines amendment, the Court engages in a two-step process. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine a defendant's eligibility for a sentence reduction—requiring a finding that the applicable Guideline range has been lowered. Second, the Court considers the § 3553(a) factors to determine whether the reduction is warranted. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010).

There is no doubt that Amendment 821 changed criminal history calculations. But these changes are of no help for Thompson. The United States concedes that he was assessed two criminal history points for committing the instant offense while under a criminal justice sentence. *See* **Doc. 59 at 4.** Although Thompson's criminal history category would be reduced, his offense level of 42 remains the same and, therefore, Thompson's advisory Guideline range of 360 months to life imprisonment has not changed. **[Doc. 59 at 4].** Thompson is not eligible for a sentence reduction.

Plus, this Court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). All that Amendment 821 provides is that Thompson could have his sentence reduced to 360 months—*i.e.*,

3

the low-end of the Guidelines. But the below-Guidelines sentence that Thompson received (240 months' imprisonment) falls below the minimum of his "amended" Guideline range. This means Amendment 821 does not apply to Thompson.

In sum, Amendment 821 did not change Thompson's advisory Guidelines sentencing range, so this Court must dismiss the motion for lack of jurisdiction. *See United States v. McKinney*, 682 F. App'x 689, 690 (10th Cir. 2017) (unpublished) (citing *United States v. White*, 765 F.3d 1240, 1246, 1250 (10th Cir. 2014)). That is because "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [a] § 3582(c)(2) motion" based on a Guidelines amendment that did not result in a change in the prisoner's Guidelines range. *Id.*

Because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the § 3553(a) factors.

**IT IS ORDERED** that Defendant's Motin for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") **[Doc. 54]** is **DISMISSED** for lack of jurisdiction.

_____/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE